Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., *Plaintiff* v. 001XIAOPUZI, ABBEVILLE, AIMENSAN, AIMENSMOON, AJANTA, ALLLINEN, AMAZINGKK, ANNAPOLIS, BBSPACE2017, BESTTOM, BISMARCK, BLACK ANT FOREST, BUYLOT, CANAAN, CDD, COLORADO, COOL BEDDING ARTICLE, CORSHAS, DAITUWUTIYI, E-BEST SHOP, ESOZACOUTURE, FANGWUSHIYE, FASHIONOW, FLORIDA, FONTANA, FREEBUYSHOP, FRIENDSHIPSTORE&FREEDOM, H1ANGHAIWA1NG, HONG YUE FASHION STORE, HOTSALE15, HOUSEKEEPING, HUNTING&ARCHERY FACTORY, ICHANGE, IRRIGATION, JANG_HUNGSHEE, JO YUE HYACINTH SILK SHOP, KANSASDEAL, KEYUAN, LANMA77, LEDS4UNOW, LETSTOUCH, LLANO, LOUISIANA, LOVE BYBYBY, LOVING ANGEL ONLINE, MANCHE, MEMEDAHAHA, MICHIGAN, MISSISSIPPI, MOBILE ACCESSORIES INTERNATIONAL, MR CUTE, NEVADA, NIKILOVE, OAKLAND, ONLY NO.1, SALZBURG80, | CIVIL ACTION No. 19-cv-9160 (LAP) [~~PROPOSED~~] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

SANBERNARDINO, SHIMEIXIAOPU, SHINEWEB, SHOPPERCHRIS, SUNCHUNHUA90, TENNESSEE, TIANJIEXIAOYU, TINGTING CAI HAPPY GIRL, TOGETHER2015, TOPEKA, VENDONGYM, VENUS RAINBOWS, WEIXIAO111, WILDFIRE, WOYAOBANGBANGDE, XIONGXIANS, XU SEVEN STORE, XXIEHOYE, YANGLIFENG, YANGMAOSHAN, YARMOUTH90, YUANSHANG59 and ZWY116429,

*Defendant*s

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | Ideavillage Products Corp. | N/A |
| **Defendants** | 001xiaopuzi, Abbeville, Aimensan, Aimensmoon, Ajanta, alllinen, amazingkk, annapolis, bbspace2017, besttom, bismarck, Black ant forest, Buylot, Canaan, CDD, colorado, Cool Bedding article, corshas, daituwutiyi, e-best shop, EsozaCouture, Fangwushiye, fashionow, florida, fontana, freebuyshop, FriendshipStore&freedom, h1anghaiwa1ng, Hong Yue Fashion Store, hotsale15, Housekeeping, Hunting&Archery Factory, IChange, Irrigation, Jang_HungShee, Jo Yue hyacinth silk shop, kansasdeal, keyuan, LANMA77, leds4unow, letstouch, Llano, louisiana, love bybyby, Loving Angel online, Manche, memedahaha, michigan, mississippi, Mobile Accessories International, MR cute, nevada, Nikilove, oakland, Only NO.1, salzburg80, sanbernardino, shimeixiaopu, shineweb, shopperchris, sunchunhua90, tennessee, Tianjiexiaoyu, tingting cai happy girl, together2015, topeka, Vendongym, venus rainbows, WEIXIAO111, Wildfire, woyaobangbangde, xiongxians, xu seven store, xxiehoye, yanglifeng, yangmaoshan, yarmouth90, yuanshang59 and zwy116429 | N/A |
| **Defaulting Defendants** | 001xiaopuzi, alllinen, amazingkk, bbspace2017, besttom, Black ant forest, Cool Bedding article, corshas, daituwutiyi, e-best shop, EsozaCouture, Fangwushiye, FriendshipStore&freedom, Hong Yue Fashion Store, IChange, Irrigation, Jang_HungShee, Jo Yue hyacinth silk shop, keyuan, LANMA77, leds4unow, letstouch, love bybyby, Loving Angel online, memedahaha, Mobile Accessories International, MR cute, shimeixiaopu, shopperchris, tingting cai happy girl, Wildfire, woyaobangbangde, xiongxians, xu seven store, yanglifeng, yangmaoshan, yuanshang59 and zwy116429 | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform | N/A |

| | | |
|---|---|---|
| | owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms | N/A |
| **Sealing Order** | Order to Seal File entered on October 3, 2019 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on October 3, 2019 | Dkt. 9 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 3, 2019 | Dkts. 15-19 |
| **Lombardo Dec.** | Declaration of LoriAnn Lombardo in Support of Plaintiff's Application | Dkt. 18 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | Dkt. 16 |
| **Yamali Dec.** | Declaration of Danielle (Yamali) Futterman in Support of Plaintiff's Application | Dkt. 17 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on October 3, 2019 | Dkt. 20 |
| **PI Order** | October 17, 2019 Preliminary Injunction Order | Dkt. 24 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective | N/A |

| | | |
|---|---|---|
| | officers, employees, agents, servants and all persons in active concert or participation with any of them | |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Rocket Copter Mark** | U.S. Trademark Registration No. 5,087,777 for "ROCKET COPTERS" for goods in Class 28 | N/A |
| **Rocket Copter Works** | U.S. Copyright Reg. Nos.: PA 1-982-537, covering the Rocket Copter Commercial, VA 2-009-702, covering the Rocket Copter Website and VA 2-000-300, covering the Rocket Copter Packaging Artwork | N/A |
| **Rocket Copter Products** | Radical toy helicopters that launch up to 120 feet and come alive with high intensity LED lights that can be seen up to a half mile away | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Rocket Copter Mark and/or Rocket Copter Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Rocket Copter Mark and/or Rocket Copter Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Rocket Copter Mark and/or Rocket Copter Works and/or products that are identical or confusingly or substantially similar to the Rocket Copter Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that | N/A |

| | | |
|---|---|---|
| | engage in the processing or transfer of money and/or real or personal property of Defendants | |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's instant motion for default judgment and permanent injunction against Defaulting Defendants | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting and copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Rocket Copters Mark including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I.  Defaulting Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff as to the First and Second Causes of Action pleaded in the Complaint (trademark counterfeiting and trademark infringement).[2]

### II.  Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiff have sufficiently set forth the basis for the statutory damages requested in its Motion for Default Judgment, the Court awards Plaintiff

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

[2] Defendant "love bybyby" was not served with the motion for default judgment. However, "it is permissible to enter a default judgment against defendants who received but failed to respond to a complaint but did not necessarily receive the motion papers supporting a default judgment motion." Allstar Mktg. Grp., LLC v. Adfaderal, No. 19-CV-5022 (ALC) (KHP), 2021 U.S. Dist. LEXIS 181584, at *7 n.7 (S.D.N.Y. Sept. 20, 2021).

Fifty Thousand U.S. Dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages against each of the thirty-eight (38) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) for a total of One Million Nine Hundred Thousand Dollars ($1,900,000.00) ("Defaulting Defendants' Collective Damages Award"), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Rocket Copter Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rocket Copter Mark;

   B. directly or indirectly infringing in any manner any of Plaintiff's Rocket Copter Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Rocket Copter Mark to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's Rocket Copter Mark, or any other marks that are confusingly similar to the Rocket Copter Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

2

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Rocket Copter Mark, or bear any marks that are confusingly similar to the Rocket Copter Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:
   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;
   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:
   A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and
   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) above through III(4)(A) above.

### IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.  Miscellaneous Relief

1) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizures of property.

2) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that the Court releases the Twenty Thousand U.S. Dollar ($20,000.00) security bond that Plaintiff submitted in connection to this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165.

3) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __15th__ day of __June__, 2023, at __2:38__ p.m.

_Loretta A. Preska_
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

5